IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GUZMAN GONZALEZ,**
**a/k/a RICARDO MARTINEZ,**

    Petitioner,

vs.                                       Case No. 4:05cv88-RH/WCS

**IMMIGRATION AND CUSTOMS**
**ENFORCEMENT DISTRICT, et al.,**

    Respondents.

                                        /

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this § 2241 petition on March 1, 2005. Doc. 1.  Petitioner challenges his detention in Respondents' custody and seeks release. Subsequently, the Clerk of Court has been advised that Petitioner has been released from custody.  This report and recommendation will be provided to Petitioner at the addressed received from the United States Department of Homeland Security: 14349 SW 248th Street, Miami, FL 33032.

Because it appears that Petitioner has been released from detention, he has obtained the relief requested and the § 2241 petition is moot.  Additionally, under the

recent United States Supreme Court opinion in <u>Clark v. Suarez Martinez</u>, 125 S.Ct. 716 (2005), *reversing* <u>Benitez v. Wallis</u>, 337 F.3d 1289 (11th Cir. 2003),[1] it would appear that Petitioner is entitled to the release he has now been granted. Petitioner alleged having been held more than six months in custody, there is no repatriation agreement with his native country of Cuba and, thus, it does not appear reasonably likely that Petitioner would be removed in the foreseeable future.

In light of the foregoing, it is respectfully **RECOMMENDED** that the instant § 2241 petition, doc. 1, be **DISMISSED as moot** because Petitioner has been released from custody.

**IN CHAMBERS** at Tallahassee, Florida, on March 17, 2005.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] In <u>Clark</u>, the Court held that § 1231(a)(6) allows an alien to be detained only for so long as is reasonably necessary to achieve removal. 125 S.Ct. at 722. Pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the presumptively reasonable period of time in which to effectuate removal is six months.

Case No. 4:05cv88-RH/WCS